F I L E D
United States Court of Appeals
Tenth Circuit

NOV 29 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TERRY RAY VENABLE,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 00-5030
(D.C. No. 98-CV-701-M)
(N.D. Okla.)

ORDER AND JUDGMENT   *

Before **BALDOCK, ANDERSON,**   and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Terry Ray Venable appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Venable alleged disability as of July 22, 1995, due to back pain and damage to his left knee. The administrative law judge (ALJ) determined that Mr. Venable was not disabled as he retained the residual functional ability to perform the full range of sedentary work. See, e.g., Williams v. Bowen, 844 F.2d 748, 751-52 (10th Cir. 1988).

On appeal, Mr. Venable argues that the ALJ failed to cite specific legitimate reasons for rejecting his treating physician's opinion that he was disabled. Mr. Venable also asserts that the ALJ's findings regarding his

credibility and complaints of disabling pain are not supported by substantial evidence and that the ALJ did not do the analysis required by Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). Finally, Mr. Venable argues that the ALJ failed to properly develop the record by failing to (1) mention his mental impairments of depression and insomnia; (2) obtain a consultative mental examination; (3) complete a psychiatric review technique form and; (4) request all his records. [1]

Although Mr. Venable claims disability as of July 1995, the record shows that he first sought treatment for his allegedly disabling back pain in 1996. Tests have shown that he has no degenerative joint or disc disease except for scoliosis at the L5-S1 which was suggested as possibly being the site of his pain. There was no evidence of any gross muscle spasm or of atrophy. Physicians have noted that Mr. Venable had full passive range of motion, but limited active flexion and did not meet any criteria for nerve compression. One treating physician, Dr. Lewis, concluded, however, that he was "virtually incapacitated by his fibromyalgia and post-traumatic pain syndrome." Rec. Vol. 2 at 186. An examining physician found no physical impairments or deformities.

---

[1] Appellee contends that these last four issues are new on appeal and are waived. Mr. Venable agrees that the issues are new, but posits that he may raise them because he has new counsel on appeal who should not be held to any omissions of prior counsel. Mr. Venable cites no law to support this proposition. The issues are waived. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

Mr. Venable argues that the ALJ failed to cite specific legitimate reasons for rejecting Dr. Lewis' opinion as required by Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995). "A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it." Id. at 289-90. Good cause to reject the opinion is shown if the opinion is not "well supported by clinical and laboratory diagnostic techniques and if it is . . . inconsistent with other substantial evidence in the record." Castellano, 26 F.3d at 1029. The treating physician's opinion as to the ultimate question of disability is not dispositive. See id.

The ALJ complied with these directives and properly rejected Dr. Lewis' opinion. The opinion is not supported by diagnostic tests. Further, other substantial evidence in the record as detailed, supra, is inconsistent with Dr. Lewis' opinion. Thus, it was not entitled to controlling weight.

Mr. Venable also argues that the ALJ's findings regarding his credibility and complaints of disabling pain are not supported by substantial evidence. In evaluating a claimant's pain, the ALJ must consider the level of medication the claimant uses and its effectiveness, the claimant's attempts to obtain relief, the frequency of his medical contacts, the nature of his daily activities, his credibility, "and the consistency or compatibility of nonmedical testimony with objective medical evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). As Mr. Venable established that he suffers from an impairment which can produce pain, the ALJ was required to perform this evaluation.

The objective medical evidence does not support a finding that Mr. Venable's pain is disabling. In fact, it even appeared to support a finding that he had exaggerated his symptoms. The inability to work pain-free is not sufficient reason to find a claimant disabled. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988). We will not disturb the ALJ's credibility finding.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge